IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| Lisa Wesolick, | § | Case No. 06-32703 |
| Debtor. | § | |

### MEMORANDUM OPINION

This chapter 7 bankruptcy case was filed on June 21, 2006. Wesolick had been a debtor in a prior chapter 7 case filed on May 2, 2006 (case no. 06-31891). The earlier case was dismissed on June 7, 2006 after Wesolick failed to pay her filing fees. The present case was dismissed on July 7, 2006—also after Wesolick failed to pay her filing fees in the refiled case.

On July 21, 2006, this Court held an evidentiary hearing on the debtor's motion to vacate the dismissal of this bankruptcy case. The dismissal was vacated following the hearing. Based on the testimony given, the Court authorized discovery by the United States Trustee, issued a report and recommendation to the United States District Court, and set a further hearing for August 16, 2006.

At the August 16, 2006 hearing, the Court heard testimony from Wesolick, her former attorney Thomas Greene III, and her current attorney Kenneth Keeling. Based on that testimony, the Court finds:

1. Wesolick paid Greene the filing fee for case no. 06-31891 in cash on or about May 2, 2006. Greene accepted the cash and placed it in his petty cash drawer.

2. Greene failed to pay the filing fee on Wesolick's behalf in case 06-31891.

3. Greene received notice from the Court and from Wesolick that the filing fee had not been received by the Court. Greene ignored the notices.

4. The failure to pay the filing fees resulted in the dismissal of case no. 06-31891.

5. After case no. 06-31891 was dismissed, Wesolick instructed Greene to file a motion to reinstate her bankruptcy case. Although the parties referred to the motion as a "Motion to Reinstate," the motion would have been treated by the Court as a motion for new trial under FED. R. BANKR. P. 9023. Greene agreed to file the motion. Such a motion would have necessarily contained a disclosure to the Court that Greene had received—but failed to remit—the filing fee. No motion was filed. Greene failed to follow his client's instruction and failed to honor his agreement.

6. Wesolick's car was repossessed following dismissal of her first bankruptcy case. She contacted Greene in order to regain possession of her car. Greene advised her that a new bankruptcy case would have to be filed. Wesolick authorized the new filing.

7. The new case was filed with a "bare bones" petition on June 21, 2006. Wesolick failed to file a creditor matrix, schedules, or a statement of financial affairs as required by FED. R. BANKR. P. 1007(a)(1) and (b)(1).

8. The bankruptcy schedules and other required documents were not filed within the 15-day limit required by 11 U.S.C. § 521.

9. Greene filed the new petition using the Court's electronic filing system (CM/ECF). Greene represented in filing the petition that Wesolick had signed the new bankruptcy petition—as is required of any debtor filing bankruptcy. In fact, Wesolick had not signed the petition. The representation was false and no evidence was offered that explained the filing of the false document. Greene's counsel represented—but did not prove—that the filing was the result of an error. The Court rejects this representation. Greene did not see Wesolick before he filed the petition. It was not a simple error.

10. False representations regarding a client's signature are not new to Greene. In a prior case pending before this Court, Greene had filed papers using the Court's electronic filing system and had filed documents falsely representing that the client had signed the documents. Sanctions were imposed against Greene for that conduct. The conduct in this case is substantially the same. It is apparent that the mild to moderate sanctions imposed in the prior case were ineffective. Only more substantial sanctions are likely to deter future, similar conduct by Greene.

11. When Greene failed to pay the filing fees in Wesolick's second case (case no. 06-32703), the United States Trustee's office contacted Greene regarding the disposition of the filing fees. Greene waited a number of weeks before conducting any investigation. He only conducted an investigation after his hand was forced by the events occurring before this Court.

12. There are at least five bankruptcy cases filed in the Southern District of Texas in which Greene received filing fees from clients but failed to remit the filing fees to the clerk.

13. Greene testified that the filing fee problem was due to poor recordkeeping. Greene introduced no documentary support for his position, despite the fact that he had substantial time to prepare for the August 16, 2006 hearing. He acknowledged that the client funds were neither segregated nor placed in an IOLTA account. Rather, the funds were available for use in Greene's general law firm operations. Given the seriousness of the issue, the Court is astounded that Greene introduced no accounting records reflecting balances in his various accounts. The Court declines to credit Greene's unsubstantiated testimony.

14. Wesolick suffered substantial losses on account of Greene's conduct. The tangible portions of these losses are:

A. Attorneys fees of $2,584.00 incurred by her for her new counsel, reduced by the expected amount of attorneys fees for a routine chapter 7 case of $1,400.00. This leaves a net loss to Wesolick of $1,184.00.

B. The $299.00 filing fee paid by Wesolick for the filing of the second bankruptcy case. The Court notes that Greene has now paid the filing fee in both the first and second bankruptcy cases. Any refund in the second bankruptcy case should be paid to Greene.

C. Creditor late charges of $135.00.

D. A repossession fee of $465.00 for Wesolick's vehicle.

E. Lost wages of $120.00.

F. Attorneys fees to the mortgage company of $650.00.

G. Attorneys fees to the car lender of $150.00.

15. Wesolick also suffered intangible losses. It was apparent from Wesolick's demeanor in Court that she was distraught over the events that had occurred. Although the Court does not find that monetary compensation is required, her emotional distress is nevertheless noted by the Court.

16. Wesolick also suffered an intangible loss of a statutory right. Under recent revisions to the Bankruptcy Code, Wesolick will not have the benefit of the automatic stay if her current case is dismissed and she is forced to refile the petition within one year. See 11 U.S.C. § 362(c)(4). The "bare bones" filing performed by Greene increases the probability that the current case will fail. Congress has determined that such a refiling of a third case within one year would not result in any automatic stay. Instead, pending a hearing, there would be no stay. At any hearing under § 362(c)(4), Wesolick would have a burden of proof by clear and

convincing evidence. This Court is extremely familiar with the effect of this provision of the Bankruptcy Code, the probabilities of success on a § 362(c)(4) motion, and the cost of prosecuting such a motion. Taken as a whole, the Court finds that Wesolick should be awarded an additional $1,000.00 on account of the statutory impairment caused by Greene's actions.

17. The total compensation owed by Greene to Wesolick is $4,003.00.

The Court has not considered whether any sanctions should be imposed against Greene. Any sanctions or punitive award are reserved for the District Court. The Clerk is ordered to deliver a copy of this Memorandum Opinion to Judge Lynn Hughes, and serve a copy to the Chief Disciplinary Counsel for the State Bar of Texas.

Signed August 17, 2006.

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE